J-S35026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JOHN PATRICK AROSE | |
| Appellant | No. 1726 WDA 2016 |

Appeal from the Judgment of Sentence September 22, 2014
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000590-2007

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JOHN PATRICK AROSE | |
| Appellant | No. 1727 WDA 2016 |

Appeal from the Judgment of Sentence September 22, 2014
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000591-2007

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JOHN PATRICK AROSE | |
| Appellant | No. 1728 WDA 2016 |

Appeal from the Judgment of Sentence September 22, 2014

J-S35026-17

in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000139-2014

BEFORE:  LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED JULY 26, 2017**

Appellant, John Patrick Arose, appeals from the judgment of sentence entered September 22, 2014, which was imposed after the revocation of Appellant's probation on the above dockets.[1]  Additionally, Appellant's counsel, George Daghir, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 87 S. Ct. 1936 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm and grant counsel's petition to withdraw.

In September 2008, at docket number CP-33-CR-0000590-2007, Appellant pleaded guilty to one count of manufacture of a controlled substance[2] and was sentenced to five years of restricted intermediate punishment.  This sentence was to include three months in jail and six months on electronic monitoring.  That same day, at docket number CP-33-CR-0000591-2007, Appellant pleaded guilty to possession with intent to

_____

[*] Former Justice specially assigned to the Superior Court.
[1] As will be discussed further herein, Appellant's post-sentence and appellate rights were reinstated following the filing of a timely petition seeking collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.
[2] 35 P.S. § 780-113(a)(30).

- 2 -

deliver a controlled substance[3] and received a sentence of three years of probation, concurrent to the sentence at the previous docket.

In January 2009, Appellant violated his intermediate punishment and was sentenced to an additional thirty days in jail with drug treatment. In February 2011, Appellant received new criminal charges, and a previous sentence of intermediate punishment, at CP-33-CR-0000170-2006, was revoked. Appellant was sentenced to a term of three to seven years of incarceration. At CP-33-CR-0000590-2007, Appellant's intermediate punishment was revoked, and he received a sentence of three years of probation consecutive to the sentence at CP-33-CR-170-2006. At CP-33-0000591-2007, Appellant's probation was revoked, and he received a sentence of three years of probation consecutive to the sentence at CP-33-0000590-2007.

In June 2014, Appellant entered a negotiated guilty plea to one count of possession of drug paraphernalia[4] at CP-33-CR-0000139-2014 and sentenced to one year of probation. While on probation, Appellant was again convicted of new, drug-related charges, for which he received a three- to twelve-month county sentence, with a consecutive one year of probation.

As a result of the above, on September 22, 2014, Appellant was re-sentenced at dockets CP-33-CR-0000590-2007, CP-33-CR-0000591-2007,

---

[3] 35 P.S. § 780-113(a)(30).
[4] 35 P.S. § 780-113(a)(32).

and CP-33-CR-0000139-2014. He received an aggregate sentence of five and one-half to eleven years of state incarceration. Appellant filed a motion for reconsideration on October 22, 2014, which the court denied. Appellant timely appealed, and this Court affirmed his judgment of sentence, as Appellant had not preserved his discretionary sentencing challenge in a timely post-sentence motion. *See Commonwealth v. Arose*, 122 A.3d 1144 (Pa. Super. 2015) (unpublished memorandum). The panel also granted counsel's motion to withdraw pursuant to *Anders*. *Id.*

In May 2016, Appellant *pro se* timely filed a petition seeking PCRA relief. Counsel was appointed and filed an amended petition on Appellant's behalf. Following an evidentiary hearing, the trial court denied the claims raised *pro se* in Appellant's PCRA petition but reinstated Appellant's post-sentence and appellate rights.

On October 20, 2016, Appellant filed a motion to modify his September 22, 2014 sentences. The trial court denied the motion. Appellant timely appealed. Instead of filing a statement of errors complained of on Appellant's behalf, counsel filed a notice of intent to file an *Anders* brief.

When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under *Anders*, counsel must file a brief that meets the

- 4 -

requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago,* only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers,* 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney Daghir's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the

relevant factual and procedural history; he refers to the portions of the record that could arguably support Appellant's claims; and he sets forth his conclusion that Appellant's appeal is frivolous. He explains his reasoning and supports his rationale with citations to the record as well as pertinent legal authority. Attorney Daghir avers he has supplied Appellant with a copy of his *Anders* brief and a letter explaining the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issues Appellant raises are frivolous and to ascertain if there are other non-frivolous issues he may pursue on appeal.

The sole issue counsel potentially raises on Appellant's behalf is a challenge to the discretionary aspects of his sentence. *See* Appellant's Brief at 10-14. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal. *See Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011); *see also* Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant timely filed a notice of appeal, preserved his issues in a motion for reconsideration, has provided this Court with the requisite notice to Appellant, and has included in his brief a statement pursuant to Pa.R.A.P. 2119(f). **See** Appellant's Brief at 9. The statement contends that the sentence was unreasonably excessive, an abuse of discretion, and constituted too severe a punishment. **Id.**

A claim that a sentence is manifestly excessive many raise a substantial question if Appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was inconsistent with the Code or contrary to its norms. **Commonwealth v. Mouzon**, 812 A.2d 617, 627-28 (Pa. 2002). Appellant does not identify a specific provision of the Code with which the sentence was inconsistent. Thus, we cannot conclude, based on the record, that the sentencing court in any way imposed a harsh and excessive sentence that was disproportionate to the underlying violations and circumstances. **See Commonwealth v. Kalichak**, 943 A.2d 285, 292 (Pa. Super. 2008) (noting that a claim a sentence was harsh and excessive based on personal circumstances is meritless where the court takes into account but rejects personal circumstances as a mitigating factor, and places its reasons for the sentencing on the record).

In short, we agree with Attorney Daghir that Appellant's issue is frivolous. We have independently reviewed the record and find no other issues of arguable merit that he could pursue on appeal. Accordingly, we

affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judge Lazarus joins the memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/26/2017